SNIFFIN K. BELLOWS, Appellant, *v.* RUSSELL RAYNOR, Respondent.

Public health — order of health officer of New York city forbidding sale in said city of milk from certain farm unless rules of health department were complied with — act of official deemed to be act of his department unless bad faith or excess of authority be shown — action by owner of farm for injury to his business on ground of illegal exercise of power must be against the city.

1. The department of health of the city of New York is charged by law with the responsibility of preventing pestilence and disease in the city of New York. Its duty is to enforce all laws applicable to the preservation of human life and the promotion of health and such as relate to the use or sale of unwholesome, deleterious or adulterated food. It has the right to exact from all shippers of milk a compliance with such conditions as would reasonably tend to a pure product for the use of the citizens as a condition of permitting its sale in the city of New York.

2. The plaintiff, who was engaged in dairy farming and was a member of a creamery company, complains that the defendant, through his agents and employees, wrongfully and unlawfully entered upon his premises and interfered with his business. The evidence showed that defendant in his official capacity as " Chief of the Division of General Sanitary Inspection" in the city of New York notified defendant of certain insanitary conditions on his dairy farm which, if not improved within a certain time, would require notice to be given to the vendors of his milk in the city of New York that it was produced in violation of the terms of their permit, and later addressed a letter to a creamery company in which it was informed that " the rules of the Department for the production of clean and wholesome milk were still being violated" by the plaintiff and gave notice not to include his milk in future shipments. Thereafter upon plaintiff's compliance with the regulations of the department of health he recommenced the delivery of milk. The complaint does not allege that the defendant acted in excess of his authority as an officer of the department of health, nor that he acted in bad faith, or without due care, or maliciously, and, therefore, in what he did as such officer he was protected by section 1196 of the charter (L. 1901, ch. 466), and plaintiff's exclusive remedy, upon the ground of an illegal exercise of power, was by an action against the city.

3. In exercising the supervision and in taking the preventive measures which appear in the evidence, the department of health was properly and reasonably executing the duty imposed upon it, by the statute, of conserving the public health.

*Bellows* v. *Raynor*, 145 App. Div. 899, affirmed.

(Argued January 22, 1913; decided February 25, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 13, 1911, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. L. Andrus* for appellant. The act of the board of health of the city of New York in assuming to regulate the method of production of milk by plaintiff and the action of the defendant in prohibiting the creamery company in Roxbury, Delaware county, from including plaintiff's milk in its shipments were without authority of law and an illegal exercise of their alleged powers. (L. 1901, ch. 466, §§ 1167–1169, 1176, 1184, 1188, 1201, 1210; *Matter of Smith,* 146 N. Y. 77; *Polinsky* v. *People,* 73 N. Y. 65; *People ex rel. Lieberman* v. *Vandecarr,* 175 N. Y. 444; *People* v. *Justices of Sessions,* 7 Hun, 214; *Gould* v. *City of Rochester,* 105 N. Y. 46.) If it be assumed that the statute authorized the regulations under discussion, they would still be void. The legislature itself is without power to delegate to the officers of a local municipality any control or jurisdiction of or over the affairs of another locality. (*Clarke* v. *City of Rochester,* 28 N. Y. 605; *Rathbone* v. *Wirth,* 150 N. Y. 469; *People ex rel. Devery* v. *Coler,* 173 N. Y. 103.)

*Archibald R. Watson, Corporation Counsel (Clarence L. Barber* and *Terence Farley* of counsel), for respondent. Assuming the truth of every allegation in the complaint, no cause of action is alleged against the defendant.

(L. 1901, ch. 466, § 1267; 1 Dillon on Mun. Corp. § 439; *Bailey* v. *Berker*, 81 Fed. Rep. 737; *Spalding* v. *Vilas*, 161 U. S. 483; *Waggoner* v. *Jermaine*, 7 Hill, 357; *Wright* v. *Eldred*, 46 Hun, 12; 137 N. Y. 556; *Williams* v. *Rivenburg*, 145 App. Div. 101; *Shavers* v. *Eldred*, 114 N. Y. 236; *Scofield* v. *Whittelegge*, 49 N. Y. 259; *Thomas* v. *New York, etc., Co.*, 139 N. Y. 163; *Petty* v. *Emery*, 96 App. Div. 35.) Defendant was fully exonerated from the charge of personal fault by plaintiff's evidence. (*Williams* v. *Rivenburg*, 145 App. Div. 101; *City of Hudson* v. *Fleming*, 139 App. Div. 327.) The city of New York has a right to exclude all sellers of milk who refuse to take out a permit and to conform to its conditions. (*People ex rel. Liberman* v. *Vandecarr*, 175 N. Y. 440; 199 U. S. 552; *Met. Milk, etc., Co.* v. *City of New York*, 113 App. Div. 377; *People ex rel. Lodes* v. *Dept. of Health*, 189 N. Y. 187; *Met. Bd. of Excise* v. *Barrie*, 34 N. Y. 657; *People ex rel. Nechamcus* v. *Warden*, 144 N. Y. 529; *Doyle* v. *Continental Ins. Co.*, 94 U. S. 535; *Lent* v. *Hights Town*, 46 N. J. L. 107; *Voight* v. *Excise Comrs.*, 59 N. J. L. 358; *Harbor* v. *Baugh*, 43 Iowa, 514; *Martin* v. *State*, 23 Neb. 371; *City of Grand Rapids* v. *Brandy*, 105 Mich. 670; *Commonwealth* v. *Kinsley*, 133 Mass. 578; *Wiggins* v. *Chicago*, 68 Ill. 372; *Schuchow* v. *Chicago*, 68 Ill. 444; *Child* v. *Bennis*, 17 R. I. 230.)

GRAY, J. The plaintiff claims damages from the defendant for having, as he alleges, trespassed upon "his property rights." The plaintiff, being engaged in dairy farming and being a member of a creamery company, complains that, in the year 1909, the defendant, through his agents and employés, wrongfully and unlawfully, entered upon his premises and interfered with his business. More particularly, he alleges that, on December 6th, 1909, "the said defendant, assuming to be a public officer and Chief of the Division of Sanitary Inspection of Public Health, and assuming to have the power and

authority to prevent the sale of milk supplies in the City
of New York, * * * unlawfully and wrongfully
* * * stopped the delivery of plaintiff's milk pro-
duct to the creamery, * * * ordered and directed
said creamery company not to receive the milk of said
plaintiff and, further, directed that if said creamery
company did receive the same, the right to dispose of said
product in the City of New York would be stopped and
the permit, or license, to sell the same would be revoked,
and that * * * because of such directions and threats,
so made by said defendant assuming to act as said Chief
of Division of Sanitary Inspection, said plaintiff was
obliged to and did discontinue the delivery of his dairy
product to said creamery." The answer of the defendant,
not admitting all that was alleged against him, in sub-
stance, justified what action he may have taken in the
premises, as having been done "as a health officer of the
City and State of New York, in good faith and on behalf
of and under the Department of Health, pursuant to its
regulations, ordinances and health laws." When the
case came to be tried, it appeared by the plaintiff's evi-
dence that in October, 1909, he had received a letter, pur-
porting to come from the department of health of the
city of New York and signed by the defendant as "Chief
of the Division of General Sanitary Inspection;" in which
he was informed, in substance, that, as the result of an
inspection of his dairy farm, certain insanitary conditions
were found to exist, which, if not improved within a cer-
tain time, would require notice to be given to the vendors
of his milk in the city of New York that it was produced
in violation of the terms of their permit. This was fol-
lowed by a letter from the defendant addressed to the
creamery company, dated December 6th and signed as in
the previous letter. It informed the company that "the
rules of the Department for the production of clean and
wholesome milk were still being violated" by the plain-
tiff and gave notice not to include his milk in future ship-

ments.   Recognizing this communication as one from the department of health of the city of New York, the plaintiff addressed a reply to the department, on December 9th, referring to the letter of December 6th and stating that he had been making improvements to his premises; that he was willing to comply with any reasonable demands, if informed as to the changes desired, and that he was interested with all the patrons of the creamery in the effort " to produce a wholesome milk product."   On December 11th, specifications concerning plaintiff's stable, dairy and herd were sent him by the department.   On January 14th, 1910, the plaintiff, being notified by the manager of the creamery to that effect, recommenced his delivery of milk and the damage, alleged to have been sustained by him, was for the interruption of his sales between December 8th, 1909, and January 14th, 1910.

The evidence showed that the defendant was never upon the plaintiff's premises and that those, who went there as inspectors for the department of health, were received without objection by the plaintiff and conducted by him over his farm and through his buildings.   It showed that all communications from the defendant to the plaintiff were official in their form and character.   At the conclusion of the plaintiff's case, his complaint was dismissed and the judgment, thereupon entered in favor of the defendant, was affirmed at the Appellate Division.

I think that the plaintiff was properly nonsuited; for, upon this state of facts, what cause of action against the defendant was apparent ?   If the plaintiff's complaint was in trespass, the evidence failed to show an unauthorized entry upon his premises, either by the defendant, or by any agent.   If, however, the alleged " trespass upon the property rights of the plaintiff " consisted in causing the interruption in the sale of his milk product, then, no cause of action was made out.   It will be observed that the complaint charged the defendant with doing the acts complained of, while " assuming to be a public officer

and Chief of the Division of Sanitary Inspection of the Department of Health." It is clear, if the defendant was not an officer of the health department, that no act of his could have prevented the shipment by the creamery of plaintiff's milk to New York city. If, as is probably true, what the plaintiff intended was to charge an illegal exercise by the defendant of official power, or of the powers conferred upon the board of health, then I find no cause of action established. The complaint does not allege that the defendant acted in excess of his authority as an officer of the department of health, nor that he acted in bad faith, or without due care, or maliciously, and, therefore, in what he did as such officer, he was protected by the statute against the consequences. Section 1196 of the Greater New York charter provides, in substance, that no member, officer, or agent, of the department of health shall be sued, or held to liability, for any act done in good faith, and with ordinary discretion, on behalf of the department, or pursuant to its regulations, ordinances, or health laws. "And any person whose property may have been * * * injured, pursuant to any * * * action of said Department of Health or its officers, for which no personal liability may exist," is remitted by the statute to "an action against the city for the recovery of the proper compensation or damage." Acting as an officer of the department of health, in good faith, if the defendant's acts caused any loss to the plaintiff, the latter's exclusive remedy, upon the ground of an illegal exercise of power, was by an action against the city. The case shows that the defendant did nothing except as an officer of the department; taking action upon the reports made by agents as to the insanitary conditions, under which the plaintiff's milk was produced.

The argument, that the department of health of the city of New York exceeded its lawful powers, "in assuming to regulate the method of the production of milk by the plaintiff and in prohibiting the creamery company

from including plaintiff's milk in its shipments," is unsound; as is the argument that the statute, if conferring such an authority, was invalid, as delegating to the officers of the municipality jurisdiction over the affairs of another locality. The department of health of the city of New York is charged by law with the responsibility of preventing pestilence and disease in the city of New York. Its duty is to enforce all laws applicable to the preservation of human life and the promotion of health, and such as relate to the use, or sale, of unwholesome, deleterious, or adulterated, food. In the faithful and efficient performance of that duty, the whole state, as well as the city, is concerned and the department must be deemed to possess whatever power is needed to make effective the express powers conferred. So broad is the responsibility with which the department of health is charged, that it is to give all information in its possession, relating to the existence and cause of disease, to the local health authorities of any city, village, or town, which may request the same, and to "add thereto such useful suggestions" as experience may supply. Of the food supplies introduced into the city of New York, milk is one of the most important. It is, now, a matter of common knowledge that, if infected, it carries with it the germs, or bacilli, of dangerous and epidemic diseases. It is the food of the infant and it is an important element of the food of the adult. It may be infected as it comes from the cow; or it may be contaminated by reason of the insanitary conditions of the dairy. Whatever, therefore, the department of health may do towards preventing the introduction of milk into the city of New York, which its officers have reason to believe to be unwholesome and deleterious, is in the performance of a statutory duty. It is unreasonable to say that the department of health, in exercising such a power, renders itself amenable to the charge of exercising an extra territorial jurisdiction. In notifying the creamery company not to include the plain-

tiff's milk in its shipments to the city, it was acting for the protection of the inhabitants of the city of New York and, therefore, for local interests. There was no interference with the plaintiff's conduct of his farm, or business, except as he proposed to supply milk to the city of New York; there was simply an embargo laid upon the introduction within the city of New York of any milk not produced by him under conditions specified by the department. It had the right to exact from all shippers of milk a compliance with such conditions as would reasonably tend to a pure product for the use of the citizens, as a condition of permitting its sale in the city of New York. In exercising the supervision and in taking the preventive measures, which appear in the evidence, the department of health was properly and reasonably executing the duty imposed upon it by the statute of conserving the public health; in which, as I have already observed, the state at large is, equally, interested with the city.

For these reasons, I advise that the judgment appealed from be affirmed.

CULLEN, Ch. J., WERNER, HISCOCK, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgment affirmed, with costs.